UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-2625(DSD/SER)

Nancy Watkins,

        Plaintiff,

v.                                            **ORDER**

City of St. Paul,

        Defendant.

    Nancy Watkins, 113 W. Minnehaha Avenue, Saint Paul, MN, 55104, plaintiff pro se.

    Kara M. Kisch, Office of the St. Paul Attorney, 750 Courthouse and City Hall, 15 West Kellogg Blvd., St. Paul, MN 55102, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant City of St. Paul. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion to dismiss is granted.

**BACKGROUND**

This civil rights dispute arises from the allegation that in the early morning of August 2, 2016, St. Paul police officers ordered pro se plaintiff Nancy Watkins back into her home, threatened to have a police dog bite her if she failed to do so, and kicked open the doors to her home and shed. The complaint does not provide context for those allegations.

On August 3, 2016, Watkins filed this suit under 42 U.S.C. § 1983, alleging that the City of St. Paul violated her civil rights through the officers' conduct. Thereafter, Watkins sent several letters to the City requesting the identity of the officers and the dog involved in the incident. The City responded that it sent Watkins a packet of information on August 2 explaining the process by which she could file a formal complaint. ECF No. 10-1. The City further noted that it sent her a follow-up letter on August 16, explaining that it could not investigate the matter without a formal statement from her. Id. The City enclosed another complaint packet and stated that the matter would be closed in 30 days absent further action. Id. As far as the court is aware, Watkins has not yet filed a formal complaint with the City. The City now moves to dismiss the complaint.

## DISCUSSION

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). The court liberally construes pro se complaints. Haines v. Kerner, 404 U.S. 519, 520 (1972); Haggy v. Solem, 547 F.2d 1363, 1364 (8th Cir. 1977).

## II. City Liability

A municipality is only subject to liability under § 1983 when the plaintiff establishes that the municipality maintained a policy, custom, or practice "the implementation of which amounted to deliberate indifference to his constitutional rights." Lund v. Hennepin Cty., 427 F.3d 1123, 1125 (8th Cir. 2005) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). A municipality cannot be held liable under § 1983 unless a municipal employee is found liable on an underlying substantive constitutional claim. Monell, 436 U.S. at 691; Abbott v. City of Crocker, 30 F.3d 995, 998 (8th Cir. 1994). Because Watkins has not pleaded any City policy, custom, or practice underlying her claim or any substantive constitutional claim against any police officers, Watkins has not plausibly alleged a violation of her constitutional rights by the

City. As a result, dismissal of her claim is warranted. The court will dismiss the matter without prejudice, however.[1]

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 4] is granted; and
2. The case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 27, 2016

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court

---

[1] Although not a legal requirement for bringing suit, the court encourages Watkins to file a formal complaint with the City so that it may investigate and possibly resolve the matter to her satisfaction. At the very least, the complaint process may provide Watkins with the information she seeks from the City.